NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**WILLIAM STEPHEN HALL,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2015-7036

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-671, Chief Judge Bruce E. Kasold.

_____

Decided: June 8, 2015

_____

WILLIAM STEPHEN HALL, Jacksonville, FL, pro se.

MELISSA BAKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN.

_____

Before Prost, *Chief Judge*, Reyna, and Chen, *Circuit Judges.*

Per Curiam.

## Decision

William Hall appeals from a decision of the Court of Appeals for Veterans Claims (Veterans Court) upholding the denial of his request for restoration of benefits withheld during his incarceration following his felony conviction. Because Mr. Hall has not raised any issues within our limited jurisdiction, we must dismiss his appeal.

## Background

Mr. Hall served on active duty in the U.S. Army from August 1975 to February 1977, and was subsequently assigned a 50 percent disability rating for a service-connected physical condition. *Hall v. Nicholson*, No. 04-1753, 2007 WL 413032, at *1 (Vet. App. Jan. 18, 2007). In August 1991, Mr. Hall was convicted of a felony and incarcerated. *Id.* Under Department of Veterans Affairs (VA) regulations, a veteran who is incarcerated for more than sixty days while receiving benefits will have those benefits reduced. 38 U.S.C. § 5313(a) ("[A]ny person who is entitled to compensation . . . who is incarcerated . . . for a period in excess of sixty days for a conviction of a felony shall not be paid such compensation . . . for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends, in an amount that exceeds—(A) in the case of a veteran with a service-connected disability rated at 20 percent or more, the rate of compensation payable under section 1114(a) of this title . . . ."); 38 C.F.R. § 3.665 (implementing 38 U.S.C. § 5313(a)); *Hall v. West*, 217 F.3d 860 (Fed. Cir. 1999) (denying Mr. Hall's assertion that 38 U.S.C. § 5313(a) and 38 C.F.R. § 3.665 violate "the provisions of the United States Constitution that prohibit impairment of the obligation of contracts, illegal searches and seizures, bills

of attainder, *ex post facto* laws, cruel and unusual punishment, double jeopardy, excessive fines, and deprivation of life, liberty and property without due process or equal protection of laws") (non-precedential). The VA accordingly reduced Mr. Hall's benefits.

Mr. Hall appealed his reduction in benefits to the Board of Veterans' Appeals (Board), arguing that he was entitled to full benefits during the period of incarceration because his conviction was overturned. *See* 38 C.F.R. § 3.665(m) ("If a conviction is overturned on appeal, any compensation or DIC withheld under this section as a result of incarceration for such conviction (less the amount of any apportionment) shall be restored to the beneficiary."). The Board reviewed the court decisions and VA communications discussing Mr. Hall's conviction and held that the evidence did not reveal that his conviction was overturned or otherwise vacated. The Board then issued a decision affirming the denial of Mr. Hall's claim.

Mr. Hall appealed the Board's decision to the Veterans Court, which affirmed the Board. Mr. Hall appeals.

## DISCUSSION

This Court lacks jurisdiction to review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case, except to the extent that the appeal involves a constitutional question, 38 U.S.C. § 7292(d)(2), but this Court has jurisdiction to review a decision on a rule of law or an interpretation of a statute or regulation, *see id.* § 7292(a).

Mr. Hall admittedly does not challenge the validity of a rule of law, statute, or regulation, or any interpretation thereof. *See* Appellant's Brief at 1 (responding "no" to the second and third questions). Instead, Mr. Hall's appeal centers on his contention that he is entitled to benefits under 38 C.F.R. § 3.665(m) because his conviction was

overturned by the United States Court of Appeals for the Eleventh Circuit. Both the Board and Veterans Court considered the decisions and mandates issued by Florida state courts, the United States District Court for the Middle District of Florida, and the United States Court of Appeals for the Eleventh Circuit, and determined that at no point was Mr. Hall's conviction overturned. Because the only issue presented to this Court is Mr. Hall's disagreement with the Veterans Court's determination that his conviction was not overturned, we must dismiss the appeal for lack of jurisdiction.

**DISMISSED**

No costs.